This is an appeal from a summary judgment entered in favor of Dr. Jonathan J. Lubitz in a case wherein the plaintiff, Hilda J. Bodiford, alleged that Dr. Lubitz was negligent in his treatment of problems she was having with her right foot. She alleges that Dr. Lubitz failed to inform her of the more conservative alternative treatments for her problems prior to performing surgery on her, and that he also failed to inform her that he was going to remove a bone from her right foot during surgery. We reverse and remand.
First, Bodiford argues that she offered sufficient expert testimony that Dr. Lubitz deviated from the proper standard of care in failing to attempt more conservative treatment prior to surgery. In support of her position, she offered the testimony of Dr. Ruskusky, a podiatrist from Illinois, as well as the testimony of Dr. Zarzour, an orthopedic surgeon from Mobile. The deposition of Dr. Ruskusky is insufficient to establish a deviation from the proper standard of care, because the final analysis of Dr. Ruskusky was that he could not say, without examining the patient, that Dr. Lubitz deviated from that standard. Therefore, the only expert testimony offered in support of Bodiford's position was that of Dr. Zarzour, who is not a podiatrist. In Craig v. Borcicky, 557 So.2d 1253 (Ala. 1990), we considered whether an expert in one discipline was qualified to testify as to the proper standard of care in another discipline related to, but nevertheless different from, his own. In Craig, Dr. Borcicky was a licensed podiatrist and the plaintiff attempted to offer the testimony of an orthopedic surgeon, Dr. Zarzour, to show that Dr. Borcicky had been negligent. We stated as follows:
 "While an orthopedic surgeon is presumably familiar with the care and treatment of the human skeletal structure, his *Page 1391 
training is different from that of a podiatrist. Testimony as to negligence is generally limited to witnesses who are competent practitioners of a defendant's own school, who alone can testify as to the teachings of that school and as to the defendant's conformity to the practices of that school. Whitehurst v. Boehm, 41 N.C. App. 670, 255 S.E.2d 761, 765 (N.C.App. 1979); Annot., 85 A.L.R.2d 1022 (1962); Am.Jur.2d Physicians and Surgeons, § 205, p. 340."
Craig, supra at 1256. Our review of the case action summary sheet indicates that Bodiford was granted her motion to show the videotape of Dr. Zarzour's deposition to the jury.[1] However, that videotape was not submitted to us on appeal for us to consider whether Dr. Zarzour's testimony would fall within the exception this Court recognized in Wozny v. Godsil,474 So.2d 1078 (Ala. 1985). See Craig, supra at 1257, wherein we noted that in "an appropriate case," an orthopedic surgeon who isfamiliar with the standard of care for podiatrists may be considered an expert in the area of podiatry. In Craig, the orthopedic surgeon stated that he was not familiar with the podiatric standard of care. In the case sub judice, the qualifications of Dr. Zarzour are not in the record and we cannot determine whether he was familiar with the podiatric standard of care; therefore, because the burden is on the appellant to show reversible error, we conclude, based on the record before us, that the trial court did not err.
Nevertheless, we reverse the judgment and remand this case on the authority of that portion of our decision in Craig wherein we addressed the issue of the patient's informed consent. In that case, Craig alleged that Borcicky did not have her informed consent to do all of the procedures he performed upon her; in fact, she alleged that she specifically instructed him not to do them. Id. at 1257. Furthermore, she alleged that the handwritten information that was on the authorization form that she signed was not there at the time that she signed it. Id. In the case at bar, Bodiford contends that she was never informed that Dr. Lubitz intended to remove the weight-bearing head of the fifth metatarsal on her right foot during surgery. She also asserts that he did not make her aware of the possibility of the potential recurrence of the neuroma that he also removed during surgery. Neither of these two things was mentioned on the two consent forms that she signed. Dr. Lubitz, on the other hand, disputes Bodiford's allegations and alleges that she was made aware of these things prior to surgery. His clinical data sheet indicates that on July 23, 1985, he explained the possibility of the removal of "the inflamed nerve [of] the large 5th met." As in Craig, supra, there is clearly "a dispute between the parties as to whether [the patient] had consented to the procedures that allegedly caused her injury." Id.
For the foregoing reasons, this summary judgment is due to be, and it hereby is, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The motion was made and granted for Bodi ford to show the videotaped deposition to the jury. That motion, however, became moot when summary judgment was entered.
 *Page 1